Eisenberg Gold & Agrawal, P.C.
William E. Craig, Esq.
1040 Kings Highway North #200
Cherry Hill, NJ 08034
(856) 330-6200
Attorney for: Credit Acceptance Corporation

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

|  |  |
|---|---|
| In re: | Case No. 26-10422 (DJB) |
| SHARIFAH NATALI BELL | Chapter 13 |
|  | **OBJECTION TO CONFIRMATION** |

Credit Acceptance Corporation ("CAC"), a secured creditor of the Debtor, objects to the Debtor's 1st Amended Plan for the following reasons:

A. Credit Acceptance holds a first purchase money security interest encumbering a **2015 GMC Acadia** as a result of a retail installment contract executed by the Debtor in connection with the purchase of the vehicle on December 29, 2025, just 36 days before filing this petition. The Debtor purchased this vehicle too close to the filing of the petition, so cramdown should not available to the Debtor. When the vehicle was purchased, the Debtor agreed to the net loan balance with contract rate of interest at 27.99% over 61 months beginning January 9, 2026 at $522.02 a month for a total of payments of $31,821.20. The Debtor never made a payment. Instead the Debtor filed a Plan that proposes to reduce the interest rate to 8.75% and pay Credit Acceptance $21,319.76 over 60 months. The Plan must be modified to pay Credit Acceptance the

net balance at filing of $17,217.88 plus interest at the contract rate of 27.99%.  In that regard see: *In re Blackmon* 459 B.R. 144 (Bkr. S.D. FL 2011).

B.  **Proof of insurance:**  CAC requests that the Debtor provide it with proof that the vehicle is insured as required by 11 U.S.C. 1326(a)(4).

C.  **Adequate protection:**  The Plan violates Code sections 361, 1325 and 1326.  It fails to pay CAC sufficient adequate protection payments.  CAC requests adequate protection payments of $172.00, beginning in March 2026.  Adequate protection payments must be given super priority administrative expense status and paid ahead of attorney fees.  Adequate protection payments must continue over the life of the Plan.

D.  Credit Acceptance should retain its lien on the vehicle until the earlier of payment of the underlying debt under non-bankruptcy law or the Debtor receiving a discharge.

/s/ William E. Craig
William E. Craig,  attorney for
Credit Acceptance Corporation

Dated: 7/23/26